*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-BS-774

IN RE JON W. NORRIS, ESQUIRE,

    Respondent.

FILED 10/20/202
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration Number:** 426105

Disciplinary Docket Nos.:
2022-D117, 2022-D122, 2022-D123, and 2022-D141

BEFORE: Glickman and McLeese, Associate Judges, and Thompson, Senior Judge.

**O R D E R**
(FILED—October 20, 2022)

    On consideration of Disciplinary Counsel's unopposed petition on behalf of the Board on Professional Responsibility ("Board") pursuant to D.C. Bar R. XI, § 13(c), to suspend respondent based on disability, and the Board's motion to file under seal, and it appearing that both respondent and Disciplinary Counsel agree hereto, it is hereby

    ORDERED that the Board's consent motion for leave to file under seal is granted. It is

    FURTHER ORDERED that the petition is granted, and respondent Jon W. Norris is indefinitely suspended from the practice of law in the District of Columbia, effective immediately, and any pending matters are held in abeyance pursuant to D.C. Bar R. XI, § 13(c). It is

    FURTHER ORDERED that respondent's reinstatement to the District of Columbia Bar shall be in accordance with the provisions of D.C. Bar R. XI, § 13(g). It is

    FURTHER ORDERED that respondent John W. Norris' attention is drawn to the requirements of D.C. Bar Rule XI, § 14, relating to suspended attorneys, and to

**No. 22-BS-774**

the provisions of D.C. Bar Rule XI, § 16(c), dealing with the timing of eligibility for reinstatement as related to compliance with § 14, including the filing of the required affidavit. It is

FURTHER ORDERED that, it appearing that appointment of counsel under D.C. Bar Rule XI, § 15(a) is necessary because there is no partner, associate, or other responsible attorney capable of conducting respondent Jon W. Norris' affairs subsequent to the suspension ordered herein, Barry Coburn, Esquire, is appointed as Conservator, to inventory the files of respondent Jon W. Norris, a suspended member of the District of Columbia Bar, to make appropriate disposition of such files, and to take any other appropriate action to ensure continuity of the representation for respondent's clients. Because there are no other funds associated with respondent's law practice available to refund or disburse to respondent's clients or former clients, the Conservator will not be required to take control of financial accounts or client funds. However, the Conservator is authorized to disburse the funds in respondent's account in the event that a client obtains a civil judgement against respondent, or if the D.C. Bar Clients' Security Fund requests reimbursement if the CSF determines that one of respondent's clients has suffered a reimbursable loss. It is

FURTHER ORDERED that Barry Coburn, Esquire, shall file with the Board written acceptance of this appointment if he agrees to accept the appointment. It is

FURTHER ORDERED that as promptly as possible, Barry Coburn, Esquire, shall provide the Executive Attorney of the Board a written estimate of the number of hours necessary to complete the inventory and distribution of the client files, and that he shall submit to the Executive Attorney monthly statements of the time spent and expenses incurred in carrying out this appointment. It is

FURTHER ORDERED that pursuant to D.C. Bar R. XI, § 15(e), Barry Coburn, Esquire, shall be compensated by the Board for the services rendered in carrying out the appointment at the prevailing rate under the District of Columbia Criminal Justice Act without prejudice to the Board seeking reimbursement from any appropriate parties. It is

FURTHER ORDERED that should Barry Coburn, Esquire, determine, after conducting an inventory of the files, that additional assistance is required to carry out his responsibilities pursuant to this Order, that he shall notify the Board, which may, in its discretion, appoint an additional attorney or attorneys to protect the interests of respondent's clients pursuant to D.C. Bar R. XI, § 15 and to carry out the

**No. 22-BS-774**

responsibilities set forth in this Order of appointment. It is

      FURTHER ORDERED that respondent shall file an affidavit in compliance with D.C. Bar R. XI, § 14(g) with the court and the Board and shall serve a copy of the affidavit on Disciplinary Counsel.

**PER CURIAM**